Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-743-0307
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT SCOTT FARRELL, an individual,<br><br>        Plaintiff<br><br>        v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC; GE CAPITAL RETAIL BANK; CARECREDIT, LLC;  and DOES 1 through 10 inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I.  INTRODUCTION

1.      This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"); the California Rosenthal Act, Civil Code §1788 *et seq*. ("Rosenthal Act") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq*. ("CCRAA") all of which prohibit unlawful debt collection and credit reporting.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff ROBERT SCOTT FARRELL is a natural person residing in the state of California, County of Ventura.

4. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO") at all times relevant was a limited liability company in the business of collecting debts in Ventura County, California operating from an address at 120 Corporate Blvd., Suite 100, Norfolk, VA 23502. Its agent for service of process is CSC – Lawyers Incorporating Service.

5. Defendant GE CAPITAL RETAIL BANK and its subsidiary CARECREDIT, LLC (collectively referred to as "GE") at all times relevant was a corporation in the business of collecting debts in Ventura County, California operating from an address at 2995 Red Hill Ave., Suite 100, Costa Mesa, CA 92626. Its agent for service of process is CT Corporation System.

6. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. PORTFOLIO is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and both Defendants are "debt collectors" as defined by the Rosenthal Act, California Civil Code § 1788.2(c).

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8. The purported debt that PORTFOLIO attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code § 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff ROBERT SCOTT FARRELL is a natural person residing in the state of California, County of Ventura.

4. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO") at all times relevant was a limited liability company in the business of collecting debts in Ventura County, California operating from an address at 120 Corporate Blvd., Suite 100, Norfolk, VA 23502. Its agent for service of process is CSC – Lawyers Incorporating Service.

5. Defendant GE CAPITAL RETAIL BANK and its subsidiary CARECREDIT, LLC (collectively referred to as "GE") at all times relevant was a corporation in the business of collecting debts in Ventura County, California operating from an address at 2995 Red Hill Ave., Suite 100, Costa Mesa, CA 92626. Its agent for service of process is CT Corporation System.

6. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. PORTFOLIO is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and both Defendants are "debt collectors" as defined by the Rosenthal Act, California Civil Code § 1788.2(c).

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8. The purported debt that PORTFOLIO attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code § 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a

1  "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

2     11.   The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names.  Plaintiff is informed and believe, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

## IV.  FACTUAL ALLEGATIONS

12.   Plaintiff obtained financing from GE for eye surgery ("the Debt").

13.   The financing was through a credit card issued by GE's subsidiary CARECREDIT, LLC.

14.   Plaintiff settled the Debt with GE and then timely made a payment in full in August 2009.

15.   GE accepted the payment and cashed it.

16.   Despite having paid the Debt in full GE continued to attempt collections on the Debt.

18.   GE falsely reported to Plaintiff's Experian credit file that the Debt was delinquent and 150 days past due date.

19.   GE falsely reported to Plaintiff's Trans Union credit file that the Debt was a charge-off and closed in January 2010.

20.   GE falsely reported to Plaintiff's Equifax credit file that the Debt was a charge-off.

21.   GE purportedly sold the alleged Debt to PORTFOLIO to collect additional

funds from Plaintiff despite nothing being further owed on the Debt.

22. PORTFOLIO falsely reported to Plaintiff's Trans Union credit file that the Debt was past due $2,715, was in collections and was open.

23. PORTFOLIO falsely reported to Plaintiff's Equifax credit file that the Debt was pas due $2,715, was in collections and had a major delinquency.

24. PORTFOLIO sent letters to Plaintiff demanding payment on the Debt.

25. Plaintiff disputed the continued collections on the Debt with both PORTFOLIO and GE.

26. PORTFOLIO and GE continued collection efforts on the Debt including, but not limited to, the false reporting.

27. GE failed to report the Debt as disputed in Plaintiff's credit files.

28. As a result of Defendants actions Plaintiff has suffered emotional distress and damage to his credit.

## V. FIRST CLAIM FOR RELIEF

### (Against PORTFOLIO and DOES 1-5 for Violation of the FDCPA)

29. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

30. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

    (b) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

    (c) The Defendants violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a dispute debt is disputed;

  (d) The Defendants violated 15 U.S.C. § 1692(e)(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

  (e) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

  (f) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

31. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.  SECOND CLAIM FOR RELIEF

**(Against all Defendants for Violation of the Rosenthal Act)**

32. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

33. Defendants violated the Rosenthal Act, by including but not limited to, the following:

  (a) The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

  (b) The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

  (c) The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a dispute debt is disputed;

  (d)  The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

  (e)  The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

  (f)  The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

34. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a proximate result of Defendants' violations enumerated above, Plaintiff have been damaged in amounts which are subject to proof.

36. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

### VII. THIRD CLAIM FOR RELIEF
### (Against All Defendants for Violation of the CCRAA)

36. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

37. Defendants violated the CCRAA, by including but not limited to, the following:

  (a)  The Defendants violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that the Defendants knew or should have known was incomplete or inaccurate;

  (b)  GE violated California Civil Code §1785.25(c) by furnishing information

on a specific transaction or experience to a consumer credit reporting agency without including a notice that the information is disputed by Plaintiff; and

(c) The Defendants violated California Civil Code §1785.25(g) by failing to maintain reasonable procedures to comply with the CCRAA.

38. Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

39. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

40. Defendants' violations were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;
(b) Statutory damages pursuant to 15 U.S.C. §1692k; California Civil Code §1788.30(a);
(c) Punitive damages;
(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §§1788.30(b); 1788.30(c); and 1785.31; and
(e) For such other and further relief as the Court may deem just and proper.

Date: May 22, 2014

                                                                      s/ Jeremy S. Golden
                                                                      Jeremy S. Golden,
                                                                      Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: May 22, 2014

                                        s/ Jeremy S. Golden
                                        Jeremy S. Golden,
                                        Attorney for Plaintiff