UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-03941 RGK (Cwx)** | Date | September 19, 2014 |
|---|---|---|---|
| Title | ***FARRELL v. PORTFOLIO RECOVERY ASSOC.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**       **(IN CHAMBERS) Order Re: Defendant's Motion to Dismiss (DE 19)**

**I.      INTRODUCTION**

On May 22, 2014, Robert S. Farrell ("Plaintiff") filed a Complaint against Portfolio Recover Associates, LLC ("Portfolio"), Synchrony Bank ("Synchrony"), and Care Credit, LLC ("Care Credit"), a subsidiary of Synchrony. Plaintiff alleges the following claims against Synchrony, Care Credit, and Portfolio: (1) violation of California Civil Code § 1788.17 ("Rosenthal Act"); and (2) violation of California Civ. Code § 1785.25 ("CCRAA"). Additionally, Plaintiff alleges a claim against Portfolio for violation of 15 U.S.C. § 1692e ("FCRA").

On August 8, 2014, Synchrony and Care Credit (collectively "Defendant") filed a Motion to Dismiss Plaintiff's claim under the CCRAA. For the following reasons, the Court **GRANTS in part** Defendant's Motion.

**II.     FACTUAL BACKGROUND**

Sometime prior to August 2009, Plaintiff opened a credit card account (the "Account") issued by Synchrony. Plaintiff alleges that he settled his debt with Defendant in August 2009. However, Defendant continued to attempt collections on the Account.

In January 2010, Defendant closed the Account. Subsequently, Defendant reported to Plaintiff's Experian credit file that the debt, amounting to $2,715, was delinquent and 150 days past due. Defendant also reported to Plaintiff's Equifax and Trans Union credit files that the debt was a "charge-off" and closed by Defendant in January 2010. Defendant then sold its interest in the debt to Portfolio, a collection agency.

Portfolio reported to Plaintiff's Equifax and Trans Union credit files that the debt was past due and in collections, and had a major delinquency. Portfolio then began making attempts to collect the debt. Plaintiff responded by disputing the debt with both Portfolio and Synchrony. Defendant failed to

report in Plaintiff's credit files that the debt was "disputed."

### III. JUDICIAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief may be granted. Fre. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must assume allegations in the challenged complaint are true, and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *See W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Although the complaint need not contain detailed factual allegations, it must provide more than a "formulaic recitation of the elements of a claim." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Furthermore, a pleading must contain sufficient factual matter that, if accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* Dismissal is appropriate "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mediondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### IV. DISCUSSION

Plaintiff brings a claim against Defendant for violations of the CCRAA, relying specifically §§ 1785.25(a), (c), and (g). Section 1785.25(a) prohibits the furnishing of "information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). Section 1785.25(c) requires that if "the completeness or accuracy of any information on a specific transaction or experience furnished by any person to a consumer credit reporting agency is subject to a continuing dispute," that information may not be furnished " to any consumer credit reporting agency without also including a notice that the information is disputed by the consumer." Cal. Civ. Code § 1785.25(c). Section 1785.25(g) makes credit furnishers liable for violating any requirements or prohibitions imposed by § 1785.25.[1]

Defendant moves to dismiss all Plaintiff's CCRAA claim against Defendant for failure to state a claim upon which relief can be granted. First, Defendant argues that both Plaintiff's §§ 1785.25(a) and (c) claims are barred by the statute of limitations. Second, Defendant argues that §§ 1785.25(c) and (g) are preempted by § 1681s-2 of the FCRA. The Court address each argument in turn.

#### A. **Plaintiff's Claim is Not Barred by the Statute of Limitations**

Defendant asserts that Plaintiff's claim is barred by the applicable statute of limitation. The Court disagrees.

A claim brought under the CCRAA must be filed within two years after a plaintiff knows or should have known of the violation, but no more than seven years after the earliest violation. Cal. Civ.

---

[1] *See* Cal. Civ. Code § 1785.25(g) ("A person who furnishes information to a consumer credit reporting agency is liable for failure to comply with this section, unless the furnisher establishes by a preponderance of the evidence that, at the time of the failure to comply with this section, the furnisher maintained reasonable procedures to comply with those provisions.")

Code § 1785.33. Additionally, when "a defendant has materially and willfully misrepresented any information required under this chapter to be disclosed to a consumer, ... the action may be brought at any time within two years after the discovery by the consumer of the misrepresentation." *Id.*

With regard to this claim, Plaintiff alleges: (1) Defendant falsely reported to Plaintiff's Experian credit file that his Account was delinquent and 150 days past due (Compl. ¶ 18); (2) Defendant falsely reported to Plaintiff's Trans Union credit files that the Account was a charge-off and closed by Defendant in January 2010 (Compl. ¶ 19); (3) Defendant falsely reported to Plaintiff's Equifax credit file that the debt was a charge-off (Compl. ¶ 20); and (4) Defendant continued collection efforts and false reporting on the Account after it had been sold to Portfolio. (Compl. ¶ 27.) The Complaint does not state when these violations occurred. Looking only at the allegations in the Complaint, it is not apparent that Plaintiff's claims are barred by the statute of limitations. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2009) (holding that a claim may be dismissed as barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint.")

Defendant contends, however, that Plaintiff's claim arose when Defendant closed Plaintiff's Account in January 2010. Defendant argues that the reports it filed with the credit reporting agencies were simply in response to requests by the credit reporting agencies, and therefore do not renew the statute of limitations. While Defendant is generally correct that the statute of limitations is not renewed by the subsequent filing of the reports, it is incorrect in assuming that Plaintiff cannot maintain an independent claim based solely on a subsequent transmission of a report. In fact, the only authority upon which Defendant relies supports the proposition that each transmission of the same credit report constitutes a separate claim to which a separate limitation period applies. *See Bittick v. Experian Info. Solutions, Inc.*, 419 F. Supp. 2d 917, 919 (N.D. Tex. 2006). Courts in the Ninth Circuit have made similar findings, specifically with respect to CCRAA claims. *See Kirsten v. Ocwen Loan Servicing, LLC*, 2:13-CV-01215 JAM-KJ, 2013 WL 5315577 (E.D. Cal. Sept. 20, 2013).

In the present case, it is unclear when the events in the Complaint occurred. Construing the complaint in the light most favorable to the Plaintiff, these reports could have been filed within the applicable two-year statute of limitations. Therefore, Plaintiff's claims cannot be dismissed on the grounds that they are barred by the statute of limitations.

### B. Preemption of Plaintiff's Claim

As stated above, Plaintiff brings his CCRAA claim based on alleged violations of Cal. Civ. Code §§ 1785.25(a), (c), and (g). Defendant does not argue that §1785.25(a) is preempted by the FCRA, as the federal statute expressly exempts § 1785.25(a) from preemption. *See* 15 U.S.C § 1681t(b)(1)(F)(ii). Defendant asserts only that §§ 1785.25(c) and (g) are preempted by § 1681s-2 of the FCRA. The Court agrees, but only as it pertains to violations under § 1785.25(c).

The applicable preemption provision of the FRCA is § 1681t(b)(1)(F). The provision provides that "[n]o requirement or prohibition may be imposed under the laws of any State ... relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). In determining the scope of preemption under the FCRA, districts courts have developed three different approaches: the "total preemption" approach, the "statutory" approach, and the "temporal" approach. To date, the Ninth Circuit has not addressed which of these standards is the most appropriate. The differences between these approaches are best explained as follows:

Under the total preemption approach, § 1681t(b)(1)(F) does indeed preempt all state law

3

> claims against furnishers of credit information arising from conduct regulated by 1681 s-2. . . . Under the temporal approach, preemption depends on whether the cause of action arises before or after a credit information furnisher has notice of a consumer dispute. Finally, under the statutory approach, § 1681t(b)(1)(F) preempts only state law claims against credit information furnishers brought under state statutes . . .

*Manno v. Am. Gen. Fin. Co.*, 439 F. Supp. 2d 418, 424-25 (E.D. Pa. 2006) (internal quotations and footnotes omitted).

The majority of district courts in the Ninth Circuit favor the total preemption approach. *See*, *e.g., Buraye v. Equifax*, 625 F. Supp. 2d 894, 899-900 (C.D. Cal. 2008); *Trout v. BMW of N. Am.*, No. 2:04-CV-014660BES-LRL, 2007 WL 602230, at *2 (D. Nev. Feb. 20, 2007). The courts adopting the "total preemption" approach have reasoned that "[t]he plain language of section 1681t(b)(1)(F) clearly eliminated all state causes of action against furnishers of information[.]" *Davis v. Maryland Bank*, No. 00-04191, 2002 WL 32713429 (N.D. Cal. June 19, 2002) (internal quotation marks omitted) (quoting *Jaramillo v. Experian Information Solutions, Inc.,* 155 F. Supp.2d 356 (E.D. Pa.2001)).

The Court finds the reasoning stated in the other cases persuasive, and finds that § 1681t(b)(1)(F) preempts all state law causes of action that fall within the conduct proscribed under § 1681s-2. Thus, the issue that remains is whether Plaintiff's claims involve subject matter regulated by § 1681s-2.

      1.     *Cal. Civ. Code § 1785.25(g) is Not Preempted by the FCRA*

Cal. Civ. Code § 1785.25(g) does not impose any "requirement or prohibition" on furnishers of information. Rather, § 1785.25(g), and § 1785.31,[2] "merely provide a vehicle for private parties to enforce other sections, which *do* impose requirements and prohibitions." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1171 (9th Cir. 2009). Because § 1785.25(g) does not govern any conduct presented under § 1681s-2, the Court finds that it is not preempted by the FCRA. *See Id.*

      2.     *Plaintiff's Claim Under Cal. Civ. Code § 1785.25(c) is Preempted by the FCRA*

Defendant moves to dismiss Plaintiff's claim as it relates § 1785.25(c) on the grounds that it is preempted by the FCRA. Section 1785.25(c) of the CCRAA and § 1681s–2(a)(3) of the FCRA regulate the same conduct and contain nearly identical language. *Compare* 15 U.S.C § 1681s–2(a)(3) *with* Cal. Civ Code § 1785.25(c). Both sections require credit furnishers to include a notice of any continuing dispute relating to information furnished to credit reporting agencies. *See* 15 U.S.C. § 1681s–2(a)(3); *See also* Cal. Civ. Code § 1785.25(c).

Plaintiff contends that § 1785.25(c) should not be preempted because, like § 1785.25(a), it imposes no "additional" requirements with respect to furnishers. However, unlike § 1785.25(a), Congress has not expressly exempted § 1785.25(c) from the preemption provision of the FCRA. Absent supporting authority, the Court cannot assume Congress intended to include § 1785.25(c) as an exception to the FCRA's preemption provision. *See Andrus v. Glover Const. Co.*, 446 U.S. 608, 616-17 (1980) (citing *Continental Casualty Co. v. United States*, 314 U.S. 527, 533 (1942)) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are

---

    [2] *See* Cal. Civ. Code § 1785.31. Subsection (a) provides, in part, that "[a]ny consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person[.]" *Id.*

not to be implied, in the absence of a contrary legislative intent."); *see also United States v. Locke*, 529 U.S. 89, 106 (2000) ("declin[ing] to give broad effect to saving clauses where doing so would upset the careful regulatory scheme established by federal law.") It is clear that § 1785.25(c) imposes a requirement relating to conduct regulated by § 1681s–2. As such, the Court finds that it is preempted by the FCRA. Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claim as it relates to § 1785.25(c) .

## V. CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Third Claim as it pertains to wrongful conduct in violation of California Civil Code § 1785.25(c), but **DENIES** Defendant's Motion to Dismiss Plaintiff's Third Claim as it pertains to wrongful conduct in violation of § 1785(a).

**IT IS SO ORDERED.**

: 

Initials of Preparer